**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X

| | |
|---|---|
| In Re: | CHAPTER 11 |
| Oncology Associates of Ocean County LLC, Modern Radiation and Oncology of Ocean County, LLC, and Dover Real Estate Holdings, LLC, | Case Nos.    12-11790<br>13-11745<br>13-17107 |
| | (Substantively Consolidated) |
| Debtors. | |

-----------------------------------------------------------X

| | |
|---|---|
| Morris S. Bauer,<br>Chapter 11 Trustee, | Adv. Pro. No.    14-01096 |
| Plaintiff, | |
| v. | |
| General Electric Capital Corporation and General Electric Company d/b/a/ GE Healthcare Diagnostic Imaging, | |
| Defendants. | |

-----------------------------------------------------------X

| | |
|---|---|
| Morris S. Bauer,<br>Chapter 11 Trustee, | Adv. Pro. No.    14-01094 |
| Plaintiff, | |
| v. | |
| United States of America, | |
| Defendant. | |

-----------------------------------------------------------X

APPEARANCES:

Gary N. Marks, Esq.
Norris, McLaughlin & Marcus, PA
721 Route 202-206 North, Suite 200
Bridgewater, NJ 08807
*Attorney for Morris S. Bauer, Chapter 11 Trustee*

Mark F. Magnozzi, Esq.
Amish R. Doshi, Esq.
Magnozzi & Kye, LLP
23 Green Street, Suite 302
Huntington, NY 11743
*Attorneys for General Electric Capital Corporation*

Ari D. Kunofsky, Esq.
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
*Attorney for the United States of America*

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**I.     Introduction**

These matters come before the Court upon the motions ("Motions") filed by Defendants General Electric Capital Corporation ("GECC") and the United States of America ("United States" and, collectively with GECC, the "Defendants"), which seek to dismiss certain counts contained in the respective adversary proceedings filed by the Chapter 11 Trustee, Morris S. Bauer. The Court has reviewed the pleadings submitted and entertained oral argument on May 5, 2014. Due to the comparable and partially overlapping nature of the claims addressed by the parties in their Motions, as well as the Court's substantive consolidation of the related bankruptcy cases (as discussed in more detail below), the Court has opted to issue this joint Memorandum Decision. For the reasons that follow, the Court: (i) grants the motion of GECC in part, and (ii) grants the motion of the United States.

## II. Jurisdiction

The Court has jurisdiction over these contested matters under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. These matters are core proceedings within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. General Background

On January 25, 2012 ("OAOC Petition Date"), Oncology Associates of Ocean County, LLC ("OAOC") filed a voluntary Chapter 11 bankruptcy petition. After considerable litigation, including substantial motion practice, the Court determined that OAOC's bankruptcy case warranted the appointment of a Chapter 11 Trustee. Accordingly, an order appointing Morris S. Bauer as the Chapter 11 Trustee ("Trustee") was entered on November 6, 2012.

Upon his appointment, the Trustee sought to administer OAOC's estate through, among other things, a sale of OAOC's assets. Concerned that certain of OAOC's assets had been diverted to OAOC's affiliate, Modern Radiation and Oncology of Ocean County, LLC ("Modern"), and that certain real property relating to OAOC was controlled by Dover Real Estate Holdings, LLC ("Dover"), the Trustee sought, through separate motions, to extend OAOC's bankruptcy proceedings to both Modern and Dover. On January 22, 2013 and April 26, 2013, respectively, the Court entered orders substantively consolidating Modern and Dover with OAOC's bankruptcy case.[1]

---

[1] Dover filed its Chapter 11 bankruptcy petition on April 2, 2013, Case No. 13-17107. However, as of January 22, 2013, Modern had not yet filed a bankruptcy petition and, therefore, the Court's order was contingent on Modern's filing of such petition. Shortly thereafter, on January 30, 2013 ("Modern Petition Date"), Modern filed its Chapter 11 bankruptcy petition, Case No. 13-11745, which became the effective date for purposes of substantive consolidation as between OAOC and Modern.

### IV. Relevant Background

On January 27, 2014, the Trustee filed an adversary complaint against GECC ("GECC Complaint"). See Adv. Pro. No. 14-1096. By the GECC Complaint, the Trustee has pleaded the following counts:

- **Count I** - avoidance and recovery of certain alleged post-petition payments made by Modern to GECC pursuant to 11 U.S.C. §§ 549 and 550;

- **Count II** – to hold GECC liable for interference with the prospective economic advantages of the Trustee;

- **Count III** - avoidance and recovery of certain preferential pre-petition transfers pursuant to 11 U.S.C. §§ 547 and 550 as against General Electric Company ("GE"); and

- **Count IV** – to disallow any claims GECC or GE may have against the estate pursuant to 11 U.S.C. § 502(d).

In lieu of filing an answer to the GECC Complaint, GECC filed its motion to dismiss, on March 21, 2014, which seeks to dismiss Counts I, II, and IV of the GECC Complaint.[2]

On the same day that the Trustee filed the GECC Complaint, the Trustee also filed an adversary complaint against the United States ("United States Complaint" and, collectively with the OAOC Complaint, the "Complaints"). See Adv. Pro. No. 14-1094. By the United States Complaint, the Trustee has pleaded the following counts:

- **Count I** – avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550; N.J.S.A. §§ 25:2-25(b) and 25:2-27(a);

- **Count II** – avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550; N.J.S.A. § 25:2-25(a);

- **Count III** - avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550;

---

[2] As noted by GECC in its papers, GE is separate and apart from GECC and therefore GECC's motion does not seek to dismiss Count III of the GECC Complaint.

4

- **Count IV** - avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547 and 550;

- **Count V** - avoidance and recovery of post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550; and

- **Count VI** – disallowance of claims pursuant to 11 U.S.C. § 502(d).

In lieu of filing an answer to the United States Complaint, the United States filed its motion to dismiss on March 3, 2014. By its motion, the United States seeks to dismiss Counts I, II, and V of the Unites States Complaint.

## V.   Discussion

### A.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 7012(b), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. Proc. 12(b)(6); Bankr. R. 7012(b). A motion made under Rule 12(b)(6) challenges the legal sufficiency of a claim in order to determine whether it should proceed. Morris v. Azzi, 866 F.Supp. 149, 152 (D.N.J. 1994). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., 988 F.2d 1157, 1160 (Fed. Cir. 1993), reh'g en banc denied, Hess v. Advanced Cardiovascular Systems, Inc., 520 U.S. 1277 (1997).

In considering a Rule 12(b)(6) motion, the reviewing court must accept all of the factual allegations contained within the complaint as true. See U.S. v. Gaubert, 499 U.S. 315, 327 (1991). In addition, all reasonable inferences should be drawn in favor of the

5

plaintiff. See Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly[3]:

> Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

127 S. Ct. 1955, 1964-65 (May 21, 2007). Ultimately, dismissal is appropriate only if there are not "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

### B. GECC and the United States: Post-Petition Transfers under 11 U.S.C. § 549

In both Complaints, the Trustee utilizes the OAOC Petition Date as the effective date in setting forth his claim for avoidance and recovery of certain post-petition transfers by Modern to GECC and the United States, primarily relying on the Court's substantive

---

[3] Federal Rule of Civil Procedure 8, discussed in the Twombly opinion, is made applicable to this proceeding under Bankruptcy Rule 7008.

consolidation of Modern with OAOC.  The Trustee bases his argument on equity grounds, asserting that there was no distinction between the operating activities of OAOC and Modern and thus the creditors of OAOC most likely believed that they were still dealing with such entity even after Modern's formation.  As the Trustee notes, among the factors to be considered when determining whether to substantively consolidate cases are whether or not creditors dealt with the entities as a single economic unit and did not rely on their separate entities in extending credit and whether the affairs of the prospective debtors are so entangled that consolidation will benefit all creditors.  To the contrary, both GECC and the United States argue that the alleged post-petition transfers made by Modern to GECC and the United States were in fact made prior to the Modern Petition Date, and are therefore ***pre-petition*** transfers.  Thus, GECC and the United States assert that it is improper for the Trustee to utilize the OAOC Petition Date as the operative date for such claims.

With respect to post-petition transactions, 11 U.S.C. § 549 states, in pertinent part, that "the trustee may avoid a transfer of ***property of the estate***…that occurs ***after the commencement of the case***."  11 U.S.C. § 549(a)(1) (emphasis added); see also In re Bamboo Abbott, Inc., 2012 Bankr. LEXIS 3097 (Bankr. D.N.J. July 5, 2012) ("The purpose of this provision is to allow a trustee to avoid those transfers which deplete the estate."), citing Springel v. Prosser, 2012 U.S. Dist. LEXIS 82669, *4 (D.V.I. June 12, 2012).  Based on the foregoing, it is clear to this Court that Congress intended 11 U.S.C. § 549 to apply only to those transfers of estate property that occur ***after*** the commencement of a debtor's bankruptcy case.  Thus, the Court agrees with the Defendants' position.  Quite simply, on the date the transfers occurred, Modern was not in bankruptcy and its assets were not property of the bankruptcy estate.  One wonders how any attorney could have counseled the transferees as to risks associated with post-petition transfers where the transferor was ***not*** in bankruptcy.

In effect, the Trustee is asking the Court to retroactively apply the Modern Petition Date to that of the OAOC Petition Date, particularly because the creditors of OAOC and Modern allegedly viewed and treated the two entities as one and the same. Although the Trustee's equity argument has some merit, the Court declines to adopt the Trustee's position. Rather, the Court agrees with the analysis in Guiliano v. Shorenstein Co. LLC (In re Sunset Aviation, Inc.), 468 B.R. 641 (Bankr. D. Del. 2011), whereby the court held that substantive consolidation is not automatically retroactive and the critical factor to consider is whether a party seeking substantive consolidation requested nunc pro tunc relief or whether such relief was granted through a court order.

Indeed, neither the Trustee's motion to extend the proceedings to Modern nor this Court's order granting substantive consolidation contain language allowing for retroactive relief. If the Trustee had requested such relief, GECC and the United States would have had the opportunity to lodge an objection at that time. Having failed to do so, to now hold those parties to the OAOC Petition Date would be inequitable. Accordingly, Count I of the GECC Complaint and Count V of the United States Complaint, relating to the Trustee's claims pursuant to 11 U.S.C. § 549, are dismissed.[4]

---

[4] Given the procedural posture of a Rule 12(b)(6) motion to dismiss, whereby the Court must accept the Trustee's factual allegations as true, the Court notes that its ruling is based upon substantive law, as opposed to factual determinations, and therefore views dismissal of the Trustee's claim as a final judgment, subject to *de novo* review. See Chex Sys. v. MicroBilt Corp. (In re MicroBilt Corp.), 2013 U.S. Dist. LEXIS 89963 (D.N.J. June 26, 2013) ("The District Court sits 'as an appellate tribunal, appl[ying] a clearly erroneous standard to review the bankruptcy court's factual findings ***and a de novo standard to review its conclusions of law***'") (citations omitted) (emphasis added); see also Exec. Benefits Ins. Agency v. Arkison, Chapter 7 Tr. of Estate of Bellingham Ins. Agency, 2014 U.S. LEXIS 3993, *9-10 (U.S. 2014) (Noting that, in its prior decision in Stern v. Marshall, 131 S. Ct. 2594 (U.S. 2011), the Supreme Court "did not address how courts should proceed when they encounter one of these 'Stern claims'—a claim designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter," and holding that "when a bankruptcy court is presented with such a claim, the proper course is to issue proposed findings of fact and conclusions of law," whereby "[t]he district court will then review the claim *de novo* and enter judgment"). Either way, review of this decision will be undertaken by the District Court *de novo*. See Id. at *10 ("In short, even if [Plaintiff] is correct that the Bankruptcy Court's entry of judgment was invalid, the District Court's *de novo* review and entry of its own final judgment cured any error").

### C. The United States: Sovereign Immunity

By its motion, the United States asserts that Counts I and II of the United States Complaint, which seek avoidance and recovery of fraudulent transfers, must also be dismissed based on principles of sovereign immunity. In short, the United States argues that the Trustee's claims under 11 U.S.C. § 544(b) must fail, as such claims are derivative of applicable non-bankruptcy state law claims (in this case, New Jersey fraudulent transfer law) against which the United States holds sovereign immunity. Thus, as argued by the United States, because a creditor cannot assert a New Jersey fraudulent transfer claim against the United States, the actual-creditor requirement of 11 U.S.C. § 544(b) cannot be met by the Trustee. Contrary to the United States' position, the Trustee urges the Court to adopt the line of cases holding that avoidance actions initiated by a trustee under § 544 are one of the instances in which the Government's sovereign immunity is abrogated pursuant to 11 U.S.C. § 106(a)(1).

Section 544(b) states, in relevant part, that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is ***voidable under applicable law by a creditor holding an unsecured claim*** that is allowable under section 502 of this title [11 USCS § 502] or that is not allowable only under section 502(e) of this title [11 USCS § 502(e)]." 11 U.S.C. § 544(b)(1) (emphasis added). Usually, as here, the "applicable law" is a state's fraudulent transfer statute. In re Equip. Acquisition Res., Inc., 742 F.3d 743, 746 (7th Cir. Ill. 2014). Moreover, § 544(b) is unique in that "its terms require the actual existence of an unsecured creditor that could have brought the state-law action itself," without which a trustee is powerless to act. Id.

When analyzing the effect of sovereign immunity on § 544(b), courts have struggled over "whether the Code's abrogation of sovereign immunity 'with respect to' § 544 allows a debtor in possession to bring a state-law fraudulent-transfer suit against the federal

9

government—even though, outside of bankruptcy, sovereign immunity would bar a regular creditor from doing so." Id. at 746. Indeed, abrogation of sovereign immunity is codified under 11 U.S.C. § 106 and specifically includes causes of action under § 544. See 11 U.S.C. § 106(a)(1). Despite the perceived ambiguity when interpreting § 544 with § 106(a)(1), however, this Court agrees with the analysis recently set forth by the Seventh Circuit Court of Appeals, which defended sovereign immunity in the context of § 544(b), observing that "where there exists a plausible interpretation of a provision that would preserve immunity—even if that interpretation is not the only reading available—that 'is enough to establish that a reading imposing monetary liability on the Government is not 'unambiguous' and therefore should not be adopted.'" In re Equip. Acquisition Res., Inc., 742 F.3d at 750, citing United States v. Nordic Village, Inc., 503 U.S. 30, 37 (1992). In other words, "when it comes to sovereign immunity, ties go to the government." Id.

In In re Equip. Acquisition Res., Inc., the Seventh Circuit found the substantive requirements of § 544(b)(1) to be unambiguous and, therefore, dismissed the debtor's complaint under that section for failure to demonstrate the existence of an actual creditor into whose shoes the debtor (or trustee) might step. In doing so, the court opined that "[i]f Congress intends to eliminate § 544(b)'s actual-creditor requirement in actions against the federal government, it must say so." Id. at 751. This Court agrees with the Seventh Circuit's analysis and highlights the fact that the court's reasoning is in complete harmony with the United States Supreme Court's recent mandate in Law v. Siegel, which states that "in exercising [its] statutory and inherent powers [under 11 U.S.C. § 105(a)], a bankruptcy court may not contravene specific statutory provisions." 134 S. Ct. 1188, 1194 (U.S. 2014).

In light of the foregoing, the Court finds that Counts I and II asserted by the Trustee in the United States Complaint must be dismissed. Based on the unambiguous language

of § 544(b)(1), the Trustee's claim can only be sustained if he proves that an actual creditor exists who has the ability to bring suit against the United States, into whose shoes the Trustee must step – a substantive requirement under New Jersey fraudulent transfer law.  This the Trustee cannot do.  Rather, the United States is protected from the Trustee's § 544(b)(1) claim, by virtue of its sovereign immunity from New Jersey fraudulent transfer law, which, as discussed above, is not abrogated by 11 U.S.C. § 106(a)(1) in this instance.

### D.     GECC: Tortious Interference with Economic Advantage

To establish a claim for tortious interference with economic advantage, the Court applies New Jersey substantive law.  As the New Jersey Appellate Division articulated in Dayrit v. Mem'l Hosp. of Salem, "[t]o establish a tortious interference with economic advantage claim, a plaintiff must show: (1) the plaintiff was in 'pursuit of business'; (2) 'the interference was done intentionally and with malice'; (3) 'the interference caused the loss of the prospective gain'; and (4) 'the injury caused damage.'"  2012 N.J. Super. Unpub. LEXIS 1239, *23 (App.Div. June 5, 2012), citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 751-52 (N.J. 1989) (internal quotation marks and citations omitted).  Furthermore, "malice is defined to mean that the harm was inflicted intentionally and without justification or excuse." Id., citing Printing-Mart, 116 N.J. at 751.

The Court finds that the Trustee has sufficiently pleaded a plausible claim for tortious interference for purposes of a Rule 12(b)(6) analysis.  While the Court finds that the Trustee has demonstrated more than a sheer possibility that GECC acted unlawfully, the Court notes that the Trustee's claim must be developed through additional proofs, particularly with respect to GECC's intent.  At this juncture, however, the Court will sustain the Trustee's claim and denies GECC's motion with respect to Count II of the GECC Complaint.

### E. GECC: Disallowance of Claims

GECC also requests that the Court dismiss Count IV of the GECC Compliant, which seeks to disallow GECC's claim against the Debtors pursuant to 11 U.S.C. § 502(d). Section 502(d) states as follows:

> (d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title [11 USCS § 542, 543, 550, or 553] or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title [11 USCS § 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a)], unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title [11 USCS § 522(i), 542, 543, 550, or 553].

11 U.S.C. § 502(d). In light of the fact that the Court has dismissed Count I of the GECC Complaint dealing with the Trustee's allegations against GECC based upon 11 U.S.C. § 549, the Court finds that the Trustee has no basis for asserting a claim under 11 U.S.C. § 502(d). Accordingly, the Court will dismiss Count IV of the GECC Complaint as it relates to GECC.[5]

### VI. Conclusion

For the reasons expressed above, the United States' motion is granted and the GECC motion is granted in part. Counsel for GECC and the United States are directed to submit forms of order consistent with the Court's Memorandum Decision.

Dated: June 10, 2014

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[5] Count IV of the GECC Complaint also seeks relief as against GE. Because the Trustee has asserted a claim against GE (but not GECC) pursuant to 11 U.S.C. § 547 in Count III of the GECC Complaint, which, if proved, would allow for relief under 11 U.S.C. § 502(d), the Court will not dismiss Count IV as to GE at this juncture. Although currently uncontested by GE, the Court notes that, on June 3, 2014, GE and the Trustee entered into a stipulation extending the time for GE to answer the GECC Complaint to June 27, 2014.